IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
MYRON J. JACKSON,              )
                               )
    Plaintiff,                 )
                               )     CIVIL ACTION NO.
    v.                         )       2:10cv41-MHT
                               )           (WO)
CITY OF MONTGOMERY, AL         )
FIRE DEPARTMENT,               )
                               )
    Defendant.                 )
```

ORDER AND OPINION

Proceeding pro se, plaintiff Myron J. Jackson filed this lawsuit against defendants City of Montgomery Fire Department, Milford Jordan (Fire Chief), Joseph Addie (Deputy Fire Chief), Michael Briddell (Executive Assistant to the Mayor of Montgomery), and Barbara Montoya (Director of the Montgomery City-County Personnel Board). He claims violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117. This cause is before the court on Jackson's first and second motions for extension of the

time to file notice of appeal. For the reasons that follow, both motions will be granted.

## I. BACKGROUND

A brief partial chronology of the case is warranted:

June 14, 2010: The court entered final judgment in this lawsuit, granting the defendants' motions for summary judgment.

July 6: Jackson filed his first motion for an extension of the time to file notice of appeal. He informed that court that he first "obtained information" regarding the final judgment in this lawsuit on July 1. Mot. at 1 (Doc. No. 46). He further stated: "Currently ... [I] am committed to a mental ward and [I] am unable at this time to respond to the appeal application. I graciously ask the Court to postpone the appeal process until I gain my freedom from this mental ward." Id.

July 16: Jackson filed his second motion for an extension of the time to file notice of appeal. He stated that he was "released on 07/14/10 at night after

court hours" and that, "at this time [he is] able to respond to an appeal pertaining to this case." Second Mot. at 1 (Doc. No. 47). Once again, he "respectfully ask[ed] the court ... to grant [him] the extended time on the case for an appeal." Id.

## II.  DISCUSSION

Federal Rule of Appellate Procedure 3(a)(1) states that, "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time frame allowed by Rule 4."  Rule 4, in turn, requires that a notice of appeal in a civil case "be filed with the district clerk within 30 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1)(A).  "This 30-day time limit is 'mandatory and jurisdictional.'" Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001).

The Federal Rules of Appellate Procedure also provide, however, that:

3

> "The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; <u>and</u> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect <u>or</u> good cause."

Fed. R. App. P. 4(a)(5)(A) (emphasis added). "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

As should be apparent, Jackson filed his first motion for extension <u>before</u> the time prescribed by Fed. R. App. P. 4(a) expired. Nonetheless, he must show "excusable neglect or good cause" if he is to receive an extension.

"'[E]xcusable neglect' is ... determined by reference to a four-factor test: 'the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of

4

the movant, and whether the movant acted in good faith.'" Advanced Estimating Sys. v. Riney, 130 F.3d 996, 997-98 (11th Cir. 1997) (citation omitted). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." Id. at 998 (citations and quotation marks omitted).

By contrast, "[t]he good cause standard applies in situations in which there is no fault--excusable or otherwise." Fed. R. App. P. 4, Committee Note to 2002 Amendments. In some cases, "[i]t may be unfair to make ... a movant prove that its 'neglect' was excusable, given that the movant may not have been neglectful at all." Id. "The 'good cause' standard is more lenient than the 'excusable neglect' standard, and is left to the discretion of the district court." 20 James Wm. Moore, et al., Moore's Federal Practice § 304.14[2][b] (3d Ed. 2009).

In this case, the court finds good cause for an extension. Jackson represents that he was committed to

5

a mental ward, and thus he was unable to prepare and file his notice of appeal. Admittedly, little legal research is necessary to meet the basic requirements of a notice appeal. See Fed. R. App. P. 3(c) (a notice of appeal need only "(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice[;] ... (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken"); see also Smith v. Barry, 502 U.S. 244, 249 (1992) ("The Federal Rules ... envision that the notice of appeal and the appellants' brief will be two separate filings."). Nonetheless, the court understands that a responsible litigant would want to research the law before deciding whether to appeal. Any barriers Jackson's commitment posed to conducting such research, or otherwise preparing to file his notice of appeal, were surely outside of his control.

　　It is also significant that, despite his commitment, Jackson has not ignored his procedural responsibilities.

6

Indeed, he filed his first motion for extension before the 30-day time limit for his notice of appeal had run.

For these reasons, the court will give Jackson until August 13, 2010, to file notice of appeal.

\*\*\*

For the foregoing reasons, it is ORDERED that plaintiff Myron J. Jackson's first and second motions for an extension of the time to file a notice of appeal (doc. nos. 46 & 47) are granted and he is allowed until August 13, 2010, to file a notice of appeal of the court's final judgment.

DONE, this the 21st day of July, 2010.

                                      /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**